UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA REARDON, | : | Case No. 3:11-cv-274 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| FOREST PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFF'S MOTION TO
REVIEW CLERK'S TAXATION OF COSTS (Doc. 32)**

This case is before the Court on Plaintiff's Motion to Review Clerk's Taxation of Costs. (Doc. 32). Defendant did not file any opposition to Plaintiff's Motion and the time for doing so has expired. Plaintiff's Motion is now ripe.

"Unless a federal statute, these rules, or a court order provides otherwise, costs-- other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The award of costs under Rule 54 is limited to "the reimbursable costs to those enumerated in 28 U.S.C. § 1920." *Reger v. The Nemours Found.*, 599 F.3d 285, 288 (3rd Cir. 2010). "[T]here is a 'strong presumption' that costs are to be awarded to the prevailing party." *Id.* (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3rd Cir. 2000)). Although Rule 54(d) contemplates that the clerk of court will tax costs in favor of the prevailing party, this Court can review the Clerk's action upon motion by a party within 7 days. *Id.* (citing Fed. R. Civ. P. 54(d)(1)).

"A district court's review of the clerk's determination of costs is de novo." *Id*. (citing *In re Paoli*, 221 F.3d at 461).  In reviewing the clerk's taxing of costs, the Court's review may be guided by a number of factors, including: "'(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them.'" *Id*. at 288 n3 (citing *In re Paoli*, 221 F.3d at 468).

The following factors must not be considered in reviewing the clerk's determination of costs:  "'(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id*. (citing *In re Paoli*, 221 F.3d at 462).  "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id*. at 288 (citing *In Re Paoli*, 221 F.3d at 462–63, 468).

Here, Plaintiff argues that the Court should deny costs because "Plaintiff had a good faith belief that she had been treated unfairly and unlawfully by the Defendant." Plaintiff also points to the relative disparities in wealth between the parties, stating that "[t]he amounts of costs taxed herein are relatively minor when viewed through the Defendant's eyes but not necessarily when viewed through an individual plaintiff's eyes."

Both arguments are arguments other courts conclude are improper considerations in determining whether costs should be taxed. *Reger*, 599 F.3d at 288 n3 (citing *In re Paoli*, 221 F.3d at 462, 468); *see also Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 776 (7th Cir. 1975) (stating that "[t]he mere fact that the unsuccessful party was an ordinary party acting in good faith and neither harassing its opponent nor abusing legal process is not sufficient to overcome the presumption that the prevailing party is entitled to costs"). Plaintiff points to no evidence of improper conduct on Defendant's part during this litigation and also fails to point to any evidence of indigency or her inability to pay.

Accordingly, the Court **DENIES** Plaintiff's Motion to reduce the taxation of costs in this case. (Doc. 32).

**IT IS SO ORDERED.**

Date: 7/1/13                                                   *s/ Timothy S. Black*
                                                              Timothy S. Black
                                                              United States District Judge